No. 111.—WILEY C. DENSON, *et al.* plaintiffs in error, *vs.* JOHN F. PATTON, defendant.

[1.] A bequest to K to be held in trust for the use of Nancy C P during her natural life, does not create a separate estate in Nancy C P.

In Equity, in Floyd Superior Court. Decided by Judge TRIPPE, February Term, 1856.

This was a bill filed by Denson and several others, alleging that John C. Patton was trustee for Mrs. Nancy Patton, a married woman, and as trustee held certain property which had been bequeathed by the mother of Mrs. Patton to trustees for her use during life, and at her death to her daughter, Margaret Jane Patton; that complainants, upon the faith of the trust property (John C. Patton being insolvent) had furnished goods for the use and benefit of Mrs. Patton and of the negroes held in trust; that these debts were unpaid, and the trustee alleged that he had no power to sell any of the trust property, and could not otherwise pay them.

Complainants prayed that enough of the trust estate be sold to satisfy their demands.

On demurrer, the Court dismissed the bill, and this decision is alleged as error.

UNDERWOOD; SHROPSHIRE, for plaintiffs in error.

ALEXANDER, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The plaintiffs insisted that John F. Patton, as successor to one A. Kennedy, held the slave, Cyrus, in trust for the separate use of Nancy C. Patton, his wife. This they insisted was the effect of a clause in the will of Jane Patton. That clause is in the following words: "And after the payment of just debts, I will and bequeath that the balance of my property be appraised and equally divided between my children hereinafter named, John Franklin Patton, William Washington Patton, Rebecca Amanda Patton, Edmund Lewis Patton, Sarah C. Patton. After one half a child's part is given my grand daughter, Margaret Jane Patton, and the other half of a child's part to A. Kennedy, his executors or administrators, to be held in trust for the use of Nancy C. Patton, during her natural life," &c.

Now it is clear that there is nothing in this clause which creates in Nancy C. Patton a *separate* estate in her share. (*Hill on Trustees*, 420.)

If not, then the whole interest in her share vested in John F. Patton, her husband.

If so, a bill against him *as trustee*, is not the way by which to reach that share. That share is not trust property, but is John F. Patton's own property, and is directly subject to his debts ; and it may be reached at law by a *fi. fa.* against him.

We think, therefore, that the Court was right in holding that there was no equity in the bill.